# Charleston.

## Aaron Burr *vs.* John M. Brown.

### January Term, 1872.

B. brings his action of debt on a bond for a sum of money. The defendant pleads payment, and two special pleas, the first of which is that the consideration of the bond was the payment of Confederate treasury notes, an illegal currency, &c.; the second special plea was that the bond was executed for cattle bought of B., to be paid for in Confederate treasury notes, &c. Defendant proves that it was his understanding that as at the time the bond was executed there was no other currency but Confederate treasury notes in Greenbrier county, it was to be paid in that. The plaintiff, B., proves that he refused to sell the cattle for Confederate notes, and it was agreed that he should be paid in a bond which one Beard, for whom the cattle were bought, and who was to settle satisfactorily the bond sued on, (which latter fact appeared by a memorandum underwritten on the bond sued on,) held on one W., the plaintiff being then indebted to W.; that Beard afterwards came to the house of plaintiff to pay the bond sued on, in the bond of W., but it could not be found, and for that reason the exchange was not made; whereupon the court instructed the jury "that if the facts were as stated by the plaintiff, that he had misconceived his action; that it ought to have been an action upon the special contract and not upon the bond, and that in this action the plaintiff could not recover." HELD,

    I. The instruction was erroneous, because no such question was raised by the pleading; the issues being joined upon the plea of payment, and the special pleas that the bond was to have been paid in so many of the Confederate notes, as purported to be of the value and to the amount of the sum named in it.

    II. The instruction was wrong in fact and in law, even if an issue had been made upon the supposed "special contract." For had the supposed special contract been incorporated in the bond, it would nevertheless have been clearly an obligation for the payment of money, with a mere privilege to the obligor to discharge it in the note on W., *eo instanti*, or, at most, within a reasonable time.

    III. If the special contract is not incorporated in the bond, but is sought to be established by parol testimony, the same doctrine applies; and the obligor in this case, having failed to discharge the obligation in the specific thing, he is liable absolutely for the payment of the money in an action of debt.

Action of debt in circuit court of Greenbrier county; declaration filed May rules, 1867. Judgment for defendant, December term, 1869.

31

The case is stated in the opinion of Moore, J.

*Price & Sperry* and *Snyder* for plaintiff in error.
*Dennis* for the defendant in error.

MOORE, J. This was an action of debt brought in the circuit court of Greenbrier county, on an obligation dated August 25th, 1862, by which the said John M. Brown bound himself "to pay Aaron Burr the just and full sum of two hundred and fifteen dollars current money." Underwritten the obligation was a memorandum stating, "This note is given for a lot of cattle for Andrew Beard, which he is to settle satisfactorily. When done, the above note of two hundred and fifteen dollars will be no longer in force."

The defendant pleaded payment, and also filed two special pleas; to all of the pleas the plaintiff replied generally.

The first special plea alleged "that the consideration of the said supposed writing obligatory was the payment to said plaintiff of so many of the treasury notes of the so-called Confederate States as purported to be of the value and to the amount of two hundred and fifteen dollars, and for no other consideration whatever." Then followed the allegation that said treasury notes were issued for the purpose of enabling the so-called Confederate States to wage war against, and to subvert the government, &c.; and that their issue and circulation were contrary to the laws, &c.; and so the said writing obligatory was void in law.

The second special plea alleged that the writing obligatory "was executed for a lot of cattle purchased by the said defendant from the plaintiff, which cattle were to be paid for in the so-called treasury notes of the Confederate States, or in Confederate money, and no other money whatever, and the said writing obligatory was executed to secure to the plaintiff the payment of so many of the said Confederate treasury notes as amounted to two hundred and fifteen dollars, and for no other consideration whatever."

It appears from the bill of exceptions that the defendant, in support of the issues on his part, proved that at the date of said writing obligatory, Confederate treasury notes were the most common currency in circulation in the county of

Greenbrier, where the bond was executed; that some debts were paid in Virginia bank paper, but a majority of debts were paid in Confederate notes. Both the plaintiff and defendant testified that the obligation was given for cattle.

The defendant testified that the writing obligatory was to be discharged in the currency of the country. When asked, "Was it the understanding of the parties at the time said note was executed, that the note was to be discharged in the then currency of the country?" Answered: "It was my understanding that as there was no other currency at that time but Confederate currency, that that was the currency in which said note was to be discharged or paid." He also deposed that he had no recollection of the plaintiff telling him at the time of the purchase of the cattle, that he would not sell his cattle if he had to take Confederate money for them, but that, as defendant was buying the cattle for Beard, he, the plaintiff, would take a note on W. Wallace that Beard had in his possession.

The plaintiff testified, "that he refused to sell the cattle for Confederate notes, and it was agreed that he should be paid in a bond which said Beard held on one Washington Wallace, the plaintiff being then indebted to Wallace; that said Beard afterwards came to the plaintiff's house to pay the bond in the bond on Wallace, but after searching through his papers could not find it, and for that reason the exchange was not then made."

The court thereupon instructed the jury, "that if the facts were as stated by the plaintiff as aforesaid, that he, the plaintiff, had misconceived his action, that it ought to have been an action upon the special contract and not upon the bond, and that in this action the plaintiff could not recover." To which opinion of the court the plaintiff excepted.

The jury found for the defendant and the court gave judgment accordingly, from which the plaintiff has appealed to to this court.

The court erred in giving the instruction: First, Because no such question was raised by the pleading, the issues being joined upon the plea of payment and the special pleas that the payment of the single bill was to be of so many of the treasury notes of the Confederate States as purported to be of

the value and to the amount of two hundred and fifteen dollars. Second, Because wrong in fact and law, even if an issue had been made upon the supposed "special contract." For (as was claimed by the attorneys for the appellant), had the supposed special contract been incorporated in the single bill at the date of its execution, it would, nevertheless, have been clearly an obligation for the payment of a sum of money with a mere privilege to the obligor to discharge it in the note on Wallace *eo instanti*, or, at most, within a reasonable time. It could be no more than a conditional, and not an absolute defeasance, of the direct obligation, and the defendant not having availed himself of the privilege in discharging the note in that manner, would be liable in an action of debt on the single bill.

I think the principles elucidated in the case of *Butcher* vs. *Carlile*, 12 Grattan, 520, determine this case and sustain me in this view of it. If the special contract is not incorporated as a part of the writing obligatory, but is attempted to be established by parol testimony, as in this case, the same doctrine must apply, and the court must hold that the obligor having failed to discharge the obligations in the specific thing, he is liable absolutely for the payment of the money in an action of debt. For these reasons, and also because the instruction was voluntary on the part of the court, the question not having been raised by the pleadings, I think the instruction erroneous; therefore the judgment should be reversed and a new trial awarded.

The other judges concurred.

JUDGMENT REVERSED.